1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   ANDREW M. SCOBLE (CABN 124940)
    Assistant United States Attorney
5       450 Golden Gate Ave., Box 36055
        San Francisco, California 94102
6       Telephone: (415) 436-7200
        Fax: (415) 436-7234
7       E-Mail: andrew.scoble@usdoj.gov

8   Attorneys for Plaintiff

9

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15   UNITED STATES OF AMERICA,          )   No: CR 11-0208 MHP/CR 01-0344 MHP
                                         )
16              Plaintiff,               )   [PROPOSED] ORDER EXCLUDING
                                         )   TIME FROM SPEEDY TRIAL ACT
17        v.                             )   COMPUTATION
                                         )
18   RENO DEVORE,                        )
                                         )
19              Defendant.               )
                                         )
20   _____  )

21

22        These related cases came on for status hearing on May 2, 2011.  The defendant was

23   represented by Erick L. Guzman, Esq., and the government was represented by Assistant U.S.

24   Attorney Andrew M. Scoble.  On that date, at the request of the defense, the Court set a briefing

25   schedule and scheduled the motions hearing for May 31, 2011.  The Court made findings and

26   excluded time from May 2, 2011 through and including May 31, 2011, under the Speedy Trial

27   Act, 18 U.S.C. § 3161(h)(7)(A) & (B)(iv), to allow defense counsel the reasonable time

28   necessary for effective preparation, taking into account the exercise of due diligence.

ORDER EXCLUDING TIME          1

1    At the May 2, 2011 appearance, the Court also conducted an inquiry with the defense

2    outside the presence of government counsel, regarding the competency of the defendant.

3    On May 5, 2011, Mr. Guzman filed a motion to withdraw from representation of the

4    defendant, noting that the defendant has expressed a desire to represent himself in these related

5    cases.  The motion was set for hearing on May 9, 2011.

6    On May 9, 2011, the parties again appeared before the Court.  The defendant appeared

7    with Mr. Guzman, and the government appeared through Assistant U.S. Attorney Scoble.  At this

8    hearing, the Court continued the hearing on defense counsel's motion to withdraw, pending

9    further inquiry into the issue of the defendant's competency.  Specifically, the Court directed

10   defense counsel to arrange for a medical examination of the defendant to assist the Court in

11   determining whether:  (1) the defendant is competent to stand trial, and (2) the defendant is

12   competent to represent himself.  The Court vacated the prior briefing schedule but retained the

13   May 31, 2011 hearing date for further status on the issue of defendant's competency, which will

14   inform the Court's inquiry into and its determination of the defendant's request to represent

15   himself, if the defendant persists in that request.

16   At the May 9, 2011 hearing the Court made findings and excluded time through and

17   including May 31, 2011, from the otherwise applicable Speedy Trial Act computation, based on

18   the delay resulting from the examination to determine the mental competency of the defendant

19   (pursuant to 18 U.S.C. § 3161(h)(1)(A)) and the determination of the defendant's request to

20   represent himself (pursuant to 18 U.S.C. § 3161(h)(1)(D)).

21   Accordingly, THE COURT FINDS THAT the ends of justice served by granting a

22   continuance from May 2, 2011 through and including May 31, 2011 outweigh the best interests

23   of the public and the defendant in a speedy trial, because failure to do so would unreasonably

24   deny counsel for the defendant the reasonable time necessary for effective preparation, taking

25   into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

26   THE COURT FURTHER FINDS THAT the period from May 2, 2011 (the date on which

27   the Court first raised its inquiry concerning the defendant's competency) through and including

28   May 31, 2011 (the date of the next hearing in these cases) is excludible from the otherwise

1    applicable Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A).

2           THE COURT FURTHER FINDS THAT the period from May 5, 2011 (the date on which

3    defense counsel filed his motion to withdraw as counsel and noted the defendant's request to

4    represent himself) through and including May 31, 2011 (the date of the next hearing in these

5    related cases) is excluded from the otherwise applicable Speedy Trial Act computation pursuant

6    to 18 U.S.C. § 3161(h)(1)(D).

7           THE COURT THEREFORE ORDERS THAT the period from May 2, 2011 through and

8    including May 31, 2011 is excluded from the otherwise applicable Speedy Trial Act computation

9    pursuant to 18 U.S.C. §§ 3161(h)(7)(A) & (B)(iv), (h)(1)(A), and (h)(1)(D).

10          IT IS SO ORDERED.

11

12   DATED:   5/11/2011

13                                                  _____
                                                    United

14                                                  

IT IS SO ORDERED

Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

28

ORDER EXCLUDING TIME                    3