1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  ANDREW M. SCOBLE (CABN 124940)
   Assistant United States Attorney
5      450 Golden Gate Ave., Box 36055
       San Francisco, California 94102
6      Telephone: (415) 436-7200
       Fax: (415) 436-7234
7      E-Mail: andrew.scoble@usdoj.gov

8  Attorneys for Plaintiff

9

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15
   UNITED STATES OF AMERICA,        )  No: CR 11-0208 MHP/CR 01-0344 MHP
16                                  )
         Plaintiff,                 )  [PROPOSED] ORDER EXCLUDING
17                                  )  TIME FROM SPEEDY TRIAL ACT
      v.                            )  COMPUTATION
18                                  )
   RENO DEVORE,                     )
19                                  )
         Defendant.                 )
20  _____)

21

22       These related cases came on for further status hearing on May 23, 2011. The defendant

23  was represented by Erick L. Guzman, Esq., and the government was represented by Assistant

24  U.S. Attorney Andrew M. Scoble. Defense counsel represented that Dr. Jules Berstein had

25  completed his evaluation of the defendant pursuant to the Order signed on May 12, 2011, and

26  was of the opinion that the defendant is competent both to stand trial and to represent himself.

27  The government raised the possibility that it may seek to have the defendant examined by an

28  expert of its own choosing. The defendant submitted his written responses to the Court's

ORDER EXCLUDING TIME                    1

1  questionnaire entitled, "Waiver of Right to Counsel and to Proceed in Propria Persona."
2  Government counsel personally served the defendant with a copy of the government's
3  "Memorandum Re: Defendant's Request to Represent Himself," filed in these cases on or about
4  May 6, 2011. The Court advised defense counsel that it would not release him from his
5  representation of the defendant until the issue of competency had been resolved.

6  The Court set the matter over to June 6, 2011 at 10:00 a.m. for further status on the issue
7  of the defendant's competency (including the government's request for time to consider whether
8  it will request examination of the defendant by its own expert), and made findings and excluded
9  time through and including June 6, 2011, from the otherwise applicable Speedy Trial Act
10 computation, based on the need for continuity of counsel and effective preparation (pursuant to
11 18 U.S.C. § 3161(h)(7)), as well as on the pending motions of defense counsel to withdraw and
12 of the defendant to represent himself (pursuant to 18 U.S.C. § 3161(h)(1)(D)). The defendant
13 agreed in open court to the exclusion of time from the otherwise applicable Speedy Trial Act
14 computation.

15 Accordingly, THE COURT FINDS THAT the ends of justice served by granting a
16 continuance from May 23, 2011 through and including June 6, 2011 outweigh the best interests
17 of the public and the defendant in a speedy trial, because failure to do so would unreasonably
18 deny the defendant continuity of counsel and would deny counsel for the defendant the
19 reasonable time necessary for effective preparation, taking into account the exercise of due
20 diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

21 THE COURT FURTHER FINDS THAT the period from May 5, 2011 (the date on which
22 defense counsel filed his motion to withdraw as counsel and noted the defendant's request to
23 represent himself) through and including June 6, 2011 (the date of the next hearing in these
24 related cases) is excluded from the otherwise applicable Speedy Trial Act computation pursuant
25 to 18 U.S.C. § 3161(h)(1)(D).
26 //
27 //
28 //

ORDER EXCLUDING TIME                2

```
 1      THE COURT THEREFORE ORDERS THAT the period from May 23, 2011 through
 2   and including June 6, 2011 is excluded from the otherwise applicable Speedy Trial Act
 3   computation pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A) & (B)(iv).
 4      IT IS SO ORDERED. [handwritten: except that in an addendum to my
 5   his report Mr. Burstein finds defendant
 6   DATED:  not competent to represent himself.]
 7       6/3/11                    _____
                                   HON. MARILYN HALL PATEL
 8                                 United States District Judge
```

ORDER EXCLUDING TIME        3