United States District Court
For the Northern District of California

1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

7   UNITED STATES OF AMERICA,              Case No. 11-cr-00208-EMC-1
8          Plaintiff,
9      v.                                  **ORDER TO SHOW CAUSE WHY
                                           DEFENDANT'S PETITION FOR
10  RENO KEITH DEVORE,                     HABEAS CORPUS SHOULD NOT BE
                                           GRANTED**
11         Defendant.                      Docket No. 72

12
13         Defendant Reno Keith Devore petitions for resentencing pursuant to 18 U.S.C. § 3582 and

14  28 U.S.C. § 2255.  He argues that the Court did not adequately explain why its sentence for

15  violations of his supervised relief was made consecutive to, rather than concurrent with, the state

16  sentence he is currently serving in Wisconsin.  *See* Docket Nos. 70, 71.  He requests a concurrent

17  sentence.

18         Defendant has not asserted any grounds which permit modification of his sentence

19  pursuant to 18 U.S.C. § 3582.[1]  Thus, the Court addresses the petition under 28 U.S.C. § 2255.

20  That statute provides that, "[u]nless the motion and the files and records of the case conclusively

21  show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon

22  the United States attorney, grant a prompt hearing thereon, determine the issues and make findings

23  of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).

24         The Court cannot conclude that the case file "conclusively show[s] that the prisoner is

25

26  ---
27  [1]  The statute only permits modification of a sentence in limited circumstances, none of which
    apply here.  The motion was filed by Defendant, not the Bureau of Prisons, *see* 18 U.S.C. §
    3582(c)(1)(A); none of the conditions of Federal Rule of Criminal Procedure 35 apply here, *see* 18
28  U.S.C. § 3582(c)(1)(B); and Defendant does not argue that resentencing is warranted in light of
    reductions to the sentencing guidelines, *see* 18 U.S.C. § 3582(c)(2).

1    entitled to no relief." 28 U.S.C. § 2255(b). District courts have discretion whether to impose a

2    federal sentence concurrently or consecutively with a state sentence. *See* 18 U.S.C. § 3584(a);

3    *Setser v. U.S.*, 566 U.S. 231, 236 (2012) (affirming district court judge's decision to impose

4    federal sentence to run consecutive to anticipated state sentence). However, in deciding whether a

5    statute should run concurrently or consecutively, the district court "shall consider . . . the factors

6    set forth in section 3553(a)." 18 U.S.C. § 3584(b). Furthermore, "[t]he court, at the time of

7    sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."

8    18 U.S.C. § 3553(c). The question is, therefore, whether, in light of this framework, the Court's

9    sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C.

10    § 2255(a).

11       Pursuant to Section 2255(b), the Court **ORDERS** the United States to show cause why

12    Defendant's petition should not be granted. The United States' response shall be filed by

13    **December 12, 2017**. Defendant's reply shall be filed by **December 29, 2017**. A hearing is

14    scheduled for **January 10, 2018 at 11:30a.m. Pacific Time**. The Bureau of Prisons is

15    **ORDERED** to facilitate Defendant's appearance at the hearing via teleconference pursuant to 28

16    U.S.C. § 2255(d).

17

18       **IT IS SO ORDERED**.

19

20    Dated: November 22, 2017

21

22       EDWARD M. CHEN
       United States District Judge

23

24

25

26

27

28